IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18CR00207-001 |
|     Plaintiff | ) | |
|     v. | ) | JUDGE:  DONALD C. NUGENT |
| | ) | |
| JANERREO J. TALLEY, | ) | |
|     Defendant | ) | SENTENCING MEMORANDUM |
| | ) | |

Now comes counsel for Defendant, Janerreo J. Talley and moves this Honorable Court for a minimum mandatory sentence of 60 months pursuant to the Sentencing Guidelines, referral to the Drug Rehabilitation Program under 18 U.S.C. 3621 (e), and to be sentenced at the closest facility to his home to help facilitate family visitation.

    *S/Wesley A. Dumas, Sr.*
    Wesley A. Dumas, Sr.
    Attorney for Defendant
    Ohio Bar Reg. 0009004
    815 Superior Ave. NE # 612
    Cleveland, Ohio 44114
    216-696-3833 tel.
    216-696-1120
    baberuth3@sbcglobal.net

CERTIFICATE OF SERVICE

A copy of the foregoing Sentencing Memorandum was sent to all parties herein via the Courts electronic filing system.

    *S/ Wesley A. Dumas, Sr.*
    Wesley A. Dumas, Sr.
    Attorney for Defendant

BRIEF IN SUPPORT OF THE SENTENCING MEMORANDUM

Title 18 USC section 3553(a) provides guidance for factors to be considered in Federal criminal cases. In pertinent part, the statute states the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) ……. The court, in determining the particular sentence to be imposed, shall consider:

1. The nature and circumstances of the offense and the history and characteristics of the defendant:
2. The need for the sentence imposed:
    a. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    b. To afford adequate deterrence to criminal conduct;
    c. To protect the public from further crimes of the defendant; and
    d. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. The kinds of sentences available;
4. The kinds of sentence and sentencing range established for;
    a. The applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

Mr. Talley presents as a young man with a difficult childhood whose his mother shouldered much of the parenting role while growing up in a rough Cleveland neighborhood (Presentence Report, hereinafter PSR para. 43). Although his father was involved in Janerreo's life he suffered problems which may have inadvertently negatively affected the defendant (PSR para. 43, 44). Despite these problems Janerreo was an excellent Cleveland Glenville high school football player under famous local coach Ted Ginn, Sr. for several years. Unfortunately his arrest while a senior at Glenville caused him to miss obtaining a diploma, but he is close to passing the test for his GED (PSR para. 57). Mr. Talley appears to be intellectually gifted because as part of his work history he helped individuals improve their credit scores through Whole

Sales Brokerage Company and expects to eventually own a business (PSR para. 58, 59). Perhaps the most important issue in Mr. Talley's life is the expectation of his daughter's birth January 2020 whom has already been named Journee Talley. He is very excited about fatherhood and desperately wants to be involved in his daughter's life in a positive way (PSR para. 46, 48).

Part of the negativity of his childhood and into the present time is his involvement with illegal drugs ranging from marijuana, alcohol, prescription cough syrup, through Percocet which he was actively using at the time of his arrest herein (PSR para.53-55). Not surprisingly the charges involved in this case involve Possession with Intent to Distribute a Controlled Substances (see indictment). Mr. Talley has had some limited substance abuse treatment, but certainly needs a quality long term in-patient program to improve his life and be successful while on Supervised Release from three to five years (PSR para. 68). Mr. Talley could benefit from admission to the Residential Drug Abuse Program (RDAP) under 18 U.S.C. section 3621 (e), which if selected would provide substance abuse treatment for six to nine months with appropriate aftercare.

Turning towards the sentencing issues, the Guidelines suggest an imprisonment range from 57-71 months, but the statutory minimum mandatory requires at 60 months incarceration (PSR para. 64). Factually, Mr. Talley was stopped while operating a vehicle and found to possess quantities of Carfentanil, cocaine, and marijuana on his person (PSR para. 7, 10). Clearly even a minimum mandatory sentence meets the statutory requirement of being sufficient, but not greater than necessary given the crime committed herein, 18 USC 3553 (a).

Overall, Mr. Talley presents a picture of a difficult upbringing compromised by illegal drug use, but with a capacity as a young man to intellectually and legally put his negative lifestyle in the past and reach for a future as a father and contributing member of society from a positive perspective. This will necessitate a paradigm shift in his approach to life with vastly different goals, aspirations, and associations. Given Mr. Talley's progress through difficult circumstances he deserves a chance to fulfil his future in a positive manner.

Therefore, it is respectfully requested that the Court sentence Janerreo J. Talley to a minimum mandatory sentence of 60 months, a recommendation of entry into RDAP, and a

facility close to his Cleveland roots to allow visitation with his family and new born child, Journee.

Respectfully submitted,

*S/Wesley A. Dumas, Sr.*
Wesley A. Dumas, Sr., # 0009004
Attorney for Defendant